Welch, J.
This instruction of the court can not be sustained. Essential elements of an estoppel are wanting, both in the case supposed by the court, and in that made by the evidence. To work an estoppel there must be prejudice to the party setting it up, and also fraud or bad faith — or their equivalent, gross negligence — in the party to be estopped. These are wholly wanting in the case. For aught that appears, the rights of defendants in error are entirely unaffected by the false statement; and for aught that appears, the statement may have been made in the belief that it was true. It may be that it was made in bad faith, and that the defendants were greatly injured by it; but neither of these facts appear in the ease made in the charge, or .by the evidence, as set out in the bill of exceptions. The court speaks of the defendants ceasing “ further ” efforts. There is nothing in the case to show that they had been making any efforts, much less to show that they were such as might have resulted in securing the debt, or otherwise benefiting the plaintiffs.
This view of the case renders it unnecessary to decide another question — that is, whether, in ah action for money had and received, the defendant can be estopped from denying the truth of 43] his statement, not that he received the money, but that *he had authority to receive it — not that he had the money, but that he might have had it. Such a statement would estop him in an action for neglect of duty, or for trover and conversion of the paper. Whether it would estop him from denying the receij>t of the plaintiff’s money, is another question.

Judgment reversed, and cause remanded for further proceedings.

Day, C. J., and Brinkerhoff, Scott, and White, JJ., concurred